PACOLET MFG. CO. v. GANTT, SEC. OF STATE.

CORPORATIONS.—Under the statutes providing for formation of private corporations and increase of their capital stock, the same fees are required for increasing capital stock as for an original charter, the fees to be based on the increase of stock.

Before TOWNSEND, J., Richland, July, 1903.   Affirmed.

Petition for mandamus by Pacolet Mfg. Co. against Jesse T. Gantt, as secretary of state.   From Circuit order refusing the writ, the petitioner appeals.

*Mr. Ralph K. Carson,* for appellant.

*Assistant Attorney General Townsend,* contra.

March 10, 1904.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The Pacolet Manufacturing Company applied for mandamus to compel the secretary of state to issue a certificate of increase of capital stock from one to two million dollars upon the payment to him of $252.50 as fees, the secretary of state having refused to issue the certificate upon tender of said sum, demanding as fees the sum of $552.50.   The Circuit Court, Hon. D. A. Townsend presiding, sustained a demurrer to the petition for insufficiency and dismissed the same.   This appeal therefrom involves the question as to the amount of fees authorized by statute in such a case.

Section 1851 of the Civil Code, after prescribing the

method of procuring from the secretary of state a certificate of an increase of capital stock of certain corporations, provides as follows: "The said corporation so increasing its capital stock shall pay to the secretary of state the fees required by section 1888, which fees shall accompany the certificate of the board of directors." Section 1888 reads as follows: "The secretary of state is hereby authorized and required to collect the following fees: Upon each charter issued or renewed to any corporation, payable when the said charter is issued or renewed, the sum of one mill upon each dollar of the capital stock authorized up to and including $100,000; the sum of one-half of a mill upon each dollar of the capital stock exceeding $100,000 and up to and including $1,000,000, and the sum of one-fourth of a mill upon each dollar of the capital stock exceeding $1,000,000. * * *" Said section further provides for a recording fee of $2.50. Construing the two sections together, we think it is clear that the purpose was to require the same fees for an increase of capital stock as upon the issuance or renewal of a charter, said fees being based upon amount of the increase. The increase being $1,000,000, the fees demanded by the secretary of state were correct, as follows:

"On first $100,000 of increase, 1 mill...........$100 00
On second $900,000 of increase, 1-2 mill........ 450 00

    Total fee on capital stock................ 550 00
Recording amendment ..................... 2 50

                               $552 50"

It is true, as contended by appellant, that this construction would require a corporation increasing its capital stock from one to $2,000,000 to pay more in fees than would be required of a corporation originally chartered for $3,000,000, but this is not unreasonable, as there is a difference between issuing an original charter alone and issuing a charter and thereafter amending or enlarging the same. On the other hand, the construction contended for by appellant would

require a smaller corporation increasing from $100,000 to $1,000,000 capital stock to pay nearly twice as much as a larger corporation increasing from one to 2,000,000 capital stock, thus discriminating in favor of the larger corporation against the smaller for substantially the same service or benefit conferred. Equality is preserved by applying the schedule of fees to the "increase" of capital stock just as if the amount of such "increase" constituted the whole capital stock. Such construction we think the terms of the statute require.

The proper amount of fees not having been tendered, the secretary of state was not in duty required to issue the certificate applied for, and the demurrer to the petition was properly sustained.

The judgment of the Circuit Court is affirmed.